IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald Dickey, | Case No.: 4:23-cv-2826-JD-KDW |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| James Hudson and Joseph Frierson, | |
| Defendants. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 17.)  Plaintiff James Hudson ("Plaintiff" or "Hudson"), proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983, alleging Defendants (Sheriff) James Hudson and (Deputy) Joseph Frierson (collectively "Defendants"), arrested him on March 3, 2023, because he was required to register as a sex offender twice annually and he only registered once.  (DE 1, p. 5.)  Plaintiff also alleges he is a third-degree class D sex offender and is not required to register twice a year.  (Id.)  As a result of the alleged improper arrest, Plaintiff claims damages in the form of loss of liberty, wages, loss of property, mental anguish, and personal humiliation.  (Id. at 7-8.)

On July 5, 2023, the court notified Plaintiff that his Complaint was subject to summary dismissal because he failed to allege sufficient factual allegations to state a claim.  (DE 10.)  The

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

order further advised Plaintiff had until July 19, 2023, to file an amended complaint or otherwise cure the identified deficiencies in his pleadings. (Id.) Plaintiff did not file a response to the Order.

The Report was issued on August 1, 2023, recommending summary dismissal because Plaintiff failed to timely file an amended complaint within the time provided. (DE 17.) Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 17) and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 18, 2023

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.